**2** THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD JONES, Appellant.—Judgment, Supreme Court, New York County (William J. Davis, J., at *Wade* hearing; Daniel P. FitzGerald, J., at jury trial and sentence), rendered March 27, 1987, convicting defendant of burglary in the third degree and criminal mischief in the third degree and sentencing him to concurrent indeterminate terms of incarceration of 3½ to 7 years and 2 to 4 years, respectively, unanimously affirmed.

This appeal was held in abeyance, and the *Wade* hearing reopened, in order to determine whether any statements made to the witnesses by a police central dispatcher had tainted the showup identification (157 AD2d 487). As this court previously noted, police officers arrested the defendant based on an identification made by a civilian witness from a fifth-story apartment window; the arresting officers themselves had no direct contact with the witness, who communicated only with the police central dispatcher. As only one of the arresting officers had testified at the *Wade* hearing, and as the People had failed to adduce the testimony of the central dispatcher, we held that the People failed to meet their burden of proof in establishing the legitimacy of the police conduct.

At the reopened *Wade* hearing, the civilian witness was called to testify. She stated that she had seen two men burglarizing a store from her apartment window, and had instructed her friend Matthew to call 911. Moments later, she observed two marked police cars responding to the scene, with one of the cars traveling in pursuit of the burglars. Approximately 10 to 15 minutes later, she observed the police car return, from which the two men who had burglarized the

hosiery store emerged. Soon afterwards, her telephone rang, and the caller, who identified himself as the police dispatcher, asked her to go downstairs to see if the men who had been apprehended were the perpetrators. The civilian witness stated that it was unnecessary for her to go downstairs because she had already seen that the two apprehended men were in fact the burglars. No other statement was made to her by the dispatcher, nor did she speak to her friend Matthew during the conversations. Based on these facts, the motion court found that there was no suggestiveness and adhered to its previous decision to deny the motion to suppress.

Defendant, by his argument concedes that there was no suggestiveness in the remarks made to the civilian witness by the central dispatcher, and we agree. Defendant now focuses on possible "interaction" between the civilian witness and her friend Matthew, contending that it is possible that suggestive statements from Matthew may have tainted the identification. The argument is based on sheer speculation. In any event, in the interests of prompt identification, procedures that are less than ideal may be, under some circumstances, anticipated and tolerated. *(People v Adams,* 53 NY2d 241, 249.) This is particularly so in a case such as the present, in view of the proximity of the apprehension of defendant in time and space (five minutes and one block; *cf., People v Brnja,* 50 NY2d 366) to the scene of the crime. Nor was there any allegation that the conduct of the police was in any way "impermissibly suggestive" *(People v Love,* 57 NY2d 1023, 1025).

As the motion to suppress the showup identification was properly denied, and as no other viable arguments have been raised on this appeal, we now affirm. Concur—Murphy, P. J., Sullivan, Carro and Rosenberger, JJ.